### Town of Monkton v. Town of Panton.

To gain a settlement, under the act of 1817, by a residence " for the term of seven years," it must be a continuous residence for seven successive years without interruption. Though the residence of the pauper may have commenced under the act of 1801, prior to the passage of the act of 1817, yet, this will not affect the case.

This was an appeal from an order of removal of one Sanford Ayers and his family from Monkton to Panton.

On the trial in the county court, upon the plea that the said Ayers and his family were unduly removed, the plaintiffs offered to prove that the said Ayers and his family went to reside in Panton on the tenth of March, 1817, and continued to reside there, supporting themselves, until the year 1823 ; that said Ayres had no legal settlement in this state on the tenth of March 1817, and that he continued to reside in Panton, supporting himself and family, more than seven years after the 21st day of October 1823, but not for the space of seven years in succession, at any one time. The county court decided that such evidence could not avail the plaintiffs, and the jury, under the direction of the court, returned a verdict for the defendant. The plaintiffs excepted.

*H. Needham and E. D. Woodbridge,* for plaintiffs, contended, that Ayers and his family, having resided in Panton, continually from the tenth of March, 1817, to the twenty third of October 1823, gained a settlement in Panton, unless they were warned out previous to the passage of the act, relating to legal settlements, passed Nov. 4. 1817, and cited Comp. Stat. p. 369, 381.

*P. C. Tucker*, argued for defendants, and cited *Royalton v. Bethel*, 10 Vt. R. 22.

ADDISON, *January*, 1840.

Monkton
*v.*
Panton.

The opinion of the court was delivered by

BENNETT, J.—It has already been decided by this court, in the case of *Royalton* v. *Bethel*, 10 Vt. R. 22, that in order to gain a settlement, under the statute of 1817, by a residence "*for the term of seven years*" it must have been a *continuous* residence for seven *successive* years, without interruption, and that case must govern this. Though the residence of the pauper commenced in Panton, in March, 1817, while the act of 1801 was in force, still, no rights were acquired under that act. The act of 1801 was repealed by the act of 1817, and the only saving clause, in the repealing act, is, that it shall not affect any action then pending, or any right of action then existing, nor take away nor alter the settlement of any person before that time gained under the laws of this state. And, besides, the act of 1817 expressly provides, that, thereafter, no settlement shall be gained, except according to the provisions of that act.

The judgment of the county court is therefore affirmed.