## TOWN OF WASHINGTON v. TOWN OF CORINTH.

### Settlement of Pauper.

1. Under the pauper law, the requisite list of three dollars, and a continuous residence for five years, are both necessary to constitute a legal settlement.
2. Rule in construing statutes stated.
3. R. L. s. 2811, pauper law, settlement,—construed.

ASSUMPSIT for keeping a pauper. Heard on the report of a referee, December Term, 1882, ROWELL, J., presiding. Judgment for the defendant. The case is stated in the opinion of the court.

*H. A. White*, for the plaintiff.

The fact as found by the referee that Hiram Brown, the father of the pauper, in May, 1868, moved from Corinth to Bradford, and returned back to Corinth in March, 1869, did not interrupt the settlement. His ratable estate was in the list of Corinth during the years 1868 and 1869 ; therefore, in law his residence was there. *Town of Northfield* v. *Town of Brookfield*, 50 Vt. 62.

*J. K. Darling,* for the defendant.

The residence must be *continuous.*  *Lincoln* v. *Warren,* 19 Vt. 170 ; *Royalton* v. *Bethel,* 10 Vt. 22 ; *Monkton* v. *Panton,* 12 Vt. 250 ; *Jamaica* v. *Townshend,* 19 Vt. 267 ; *Hartford* v. *Hartland,* 19 Vt. 392 ; *Barton* v. *Irasburgh,* 33 Vt. 159.


The opinion of the court was delivered by

ROYCE, Ch. J.  This action was brought to recover for the expenses incurred by the plaintiff in the support of a pauper, one Lucia A. Brown. The right of recovery is dependent upon the question whether the pauper, at the time of the incurring of the expenses, had a legal settlement in the defendant town. The settlement that it is claimed she had acquired in Corinth was a derivative one from her father, Hiram Brown. Subdivision four of chapter 135, R. L., provides that a person of age who resides in any town and who holds ratable estate in his own right, the percentage of the value of which, besides his poll, is set in the list of such town at the sum of $3, or upwards, for five years in succession, shall gain a settlement in such town. It is under that provision that it is claimed by the plaintiff that Hiram Brown acquired a settlement in Corinth.

It is found that he held ratable estate in his own right in Corinth of the amount and for the time required by that provision, but that he did not have a continuous residence in that town for the term of five years ; and before the five years had elapsed he moved from Corinth to Bradford. His removal was an actual one and with no intention of returning to Corinth ; it was such an one as has always been held would interrupt a residence in the place removed from.

Under the act of 1817 a settlement could be acquired by a residence for seven years ; and it was held in *Monkton* v. *Panton,* 12 Vt. 250, that to gain a settlement under that act the residence must be continuous and without interruption. In the construction of statutes one part must be construed by another ; and to collect the legislative intention, the whole must be inspected ; they are to be interpreted so as to give effect to all the words therein if such interpretation be reasonable, and neither repugnant to the pro-

visions nor inconsistent with the objects of the statute. *Bank for Savings* v. *Collector*, 3 Wall. 495 ; *United States* v. *Bassett*, 2 Story, 389.

The word *and*, as it occurs in the statute, should be construed conjunctively ; and when so understood, the evident purport of the statute is to require residence and the ownership of the required amount of ratable estate for the term of five years to confer a settlement. If the legislature had intended that a settlement might be acquired by the ownership of ratable estate irrespective of residence, some appropriate language would have been used to express that intention. Hiram Brown having no settlement in the defendant town, the pauper did not acquire a derivative settlement and the defendant was under no obligation to reimburse the plaintiff for the amount expended·for her support.

The judgment of the County Court is affirmed.